ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| UNION OF CONCERNED SCIENTISTS, et al.,    )<br>)<br>)<br>Petitioners,    )<br>)<br>v.    )<br>)<br>NATIONAL HIGHWAY TRAFFIC    )<br>SAFETY ADMINISTRATION, et al.,    )<br>)<br>Respondents.    )<br>_____)  | Case No. 19-1230 &<br>Consolidated Cases |

## MOTION OF INTERVENOR STATES FOR CASE TO PROCEED

As far as the intervening States are concerned, this case is about the Clean Air Act illegally giving California unequal sovereignty. The case presenting that issue remains alive. Recall that the many petitioners in this case challenged the 2019 revocation of California's Clean Air Act waiver. The States intervened to defend the revocation, arguing that the provision in the Clean Air Act allowing California to obtain special treatment violates the equal-sovereignty doctrine. Although the Biden Administration recently reissued a modified waiver, the 2019 revocation will go back into effect if that reissuance—which will be challenged—is invalidated. Because

1

there is a reasonable prospect that will happen, and thus a reasonable prospect the 2019 revocation will be resuscitated, this case is not moot. This case should move forward to oral argument and decision.

## ARGUMENT

The petitions in this case challenge a rule issued in 2019. The rule revoked California's waiver from Clean Air Act preemption for certain California emissions programs. *See* 84 Fed. Reg 51,310 (Sept. 27, 2019). In so doing, the rule touched on numerous issues. But a group of States intervened to address just one issue: they argued that the EPA *had no choice* but to rescind the waiver, because the provision allowing for waivers is unconstitutional. The federal government had previously issued the waiver under a provision of the Clean Air Act that allows California—and only California—to win an exemption from the Act's preemptive force. The Intervening States argued that this California-specific provision in the Clean Air Act violated the Constitution. Because agencies cannot enforce unconstitutional laws, and because the law allowing a California-specific exception was unconstitutional, the EPA had no choice but to withdraw the waiver.

After President Biden took office, the agencies reconsidered and rescinded the 2019 rule. *See* 86 Fed. Reg. 74,236 (Dec. 29, 2021) (NHTSA); 87 Fed. Reg. 14,332 (March 14, 2022) (EPA). But those rescissions are not the last word. If the recent

rescission is challenged successfully, the 2019 Rule removing California's waiver would spring back to life. *See, e.g.*, *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1901 (2020); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 34 (1983). And Ohio (along with a group of other States) will soon file a petition challenging the rescission on the same grounds that it defended the 2019 Rule—that Congress has no power to treat California as possessing greater sovereignty than the rest of the States.

The possibility that Ohio's forthcoming challenge to the 2022 rescission will restore the 2019 Rule under review here keeps the case alive. Federal courts have a "virtually unflagging" duty "to hear and decide cases" within their jurisdiction. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014) (quotation omitted). Thus, when a "case is not technically moot," a court typically has "no choice but to decide it." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n.10 (1982) (quotation omitted). That chain of reasoning led the Sixth Circuit to hold that litigation over a Clean Water Act rule remained alive, even though the rule under review had been rescinded under President Trump. Because the Circuit could not "exclude the possibility that … the 2015 Rule might again take effect … [the] case as a whole … remain[ed] a live one." *Ohio v. United States Env't Prot. Agency*, 969 F.3d 306, 310 (6th Cir. 2020). The same is true here. Because the United States will be unable to

3

say that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur," *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (quotation omitted), this case should move forward despite the newly adopted rule.

There is a practical reason to keep the case on track as well. The issue the Intervening States raise regarding equal sovereignty matters whether California currently has a waiver or not. If California has a waiver, Ohio and like-minded States will challenge that waiver on equal-sovereignty grounds. If federal agencies deny California a waiver, Ohio and like-minded States will defend that decision on equal-sovereignty grounds. And because the cycle of on-again-off-again regulation can "repeat, *ad infinitum*, until either one side gives up or [the Supreme] Court grants certiorari," *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 601 (2020) (Gorsuch, J., concurring in grant of stay), everyone benefits from this Court's deciding whether the Constitution tolerates California's privileged status under the Clean Air Act.

This case presents a golden opportunity to resolve the equal-sovereignty question that has dogged California's special status for years. That special status has persisted in the Clean Air Act for more than 50 years. And that special status is not only the sole focus of the Intervening States' brief, ECF No. 1862459, but has also drawn an amicus devoted exclusively to the question, ECF No. 1850133. Between the States' brief and the amicus, the question is fully vetted. And for its part, the

federal agency has disclaimed that it will even analyze the legal issue and its bearing on California's waiver. According to the EPA, its recent action did not consider whether California's special status is "unconstitutional under the Equal Sovereignty Doctrine," and it reinstated California's waiver without attempting "to interpret or apply the Equal Sovereignty Doctrine." 87 Fed. Reg. 14,322, 14,377 (March 14, 2022). Agencies, of course, are bound by the Constitution. *See, e.g.*, *United States v. Arthrex, Inc.*, 141 S. Ct. 1970, 1985–86 (2021); *cf. Solid Waste Agency of N. Cook County (SWANCC) v. U.S. Army Corps of Eng'rs*, 531 U.S. 159, 174 (2001); *California v. Trump*, 963 F.3d 926, 936, 949 (9th Cir. 2020) (APA suit to vindicate California's sovereign interests), *judgment vacated*, No. 20-138 (July 2, 2021). The EPA's preference to sidestep the constitutional question is not a reason for this Court do the same.

This Court has full briefing on the issue, and is unlikely to hear other views by putting the question off to the future. The equal-sovereignty issue is teed up in a still-live case, so this Court should keep the case on track and resolve that question.

## CONCLUSION

The Court should return this case to the active docket and resolve it in the usual course.

Dated: April 11, 2022

Respectfully submitted,

DAVE YOST
Attorney General of Ohio

/s/ *Benjamin M. Flowers*
BENJAMIN M. FLOWERS
Ohio Solicitor General
AARON FARMER
Assistant Attorney General
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
(614) 466-5087 fax
bflowers@ohioattorneygeneral.gov

*Counsel for State of Ohio*

STEVE MARSHALL
Attorney General of Alabama

/s/ *Edmund G. LaCour Jr.* (BMF per authority)
EDMUND G. LACOUR JR.
Alabama Solicitor General
Office of the Attorney General
501 Washington Ave.
Montgomery, Alabama 36130
(334) 353-2196
edmund.lacour@alabamaag.gov

*Counsel for State of Alabama*

LESLIE RUTLEDGE
Attorney General of Arkansas

/s/ *Nicholas J. Bronni* (BMF per authority)
NICHOLAS J. BRONNI
Arkansas Solicitor General
VINCENT WAGNER
Deputy Solicitor General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-6302
nicholas.bronni@arkansasag.gov

*Counsel for State of Arkansas*

CHRISTOPHER M. CARR
Attorney General of Georgia

*/s/ Stephen J. Petrany* (BMF per authority)
STEPHEN PETRANY
Georgia Solicitor General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, Georgia 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*

THEODORE E. ROKITA
Attorney General of Indiana

*/s/ Thomas M. Fisher* (BMF per authority)
THOMAS M. FISHER
Indiana Solicitor General
Office of the Attorney General
302 West Washington Street
IGCS-5th Floor
Indianapolis, IN 46204
(317) 233-8292
katherine.jacob@atg.in.gov

*Counsel for State of Indiana*

JEFF LANDRY
Attorney General of Louisiana

*/s/ Elizabeth B. Murrill* (BMF per authority)
ELIZABETH B. MURRILL
Louisiana Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 326-6766
MurrillE@ag.louisiana.gov

*Counsel for State of Louisiana*

ERIC S. SCHMITT
Attorney General of Missouri

*/s/ John Sauer* (BMF per authority)
D. JOHN SAUER
Missouri Solicitor General
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102
(573) 751-3321
john.sauer@ago.mo.gov

*Counsel for State of Missouri*

DOUGLAS J. PETERSON
Attorney General of Nebraska

*/s/ Justin D. Lavene* (BMF per authority)
JUSTIN D. LAVENE
Assistant Attorney General
Office of the Attorney General
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2834
justin.lavene@nebraska.gov

*Counsel for State of Nebraska*

ALAN WILSON
Attorney General of South Carolina

*/s/ James Emory Smith, Jr.* (BMF per authority)
JAMES EMORY SMITH, JR.
South Carolina Deputy Solicitor General
P.O. Box 11549
Columbia, S.C. 29211
(803) 734-3642
esmith@scag.gov

*Counsel for State of South Carolina*

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General
*/s/ Judd E. Stone II* (BMF per authority)
JUDD E. STONE II
Texas Solicitor General
Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
(512) 936-1700
Judd.Stone@oag.texas.gov

*Counsel for State of Texas*

SEAN D. REYES
Attorney General of Utah

*/s/ Melissa A. Holyoak* (BMF per authority)
MELISSA A. HOLYOAK
Utah Solicitor General
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(385) 271-2484
melissaholyoak@agutah.gov

*Counsel for State of Utah*

>PATRICK MORRISEY
>Attorney General of West Virginia
>
>*/s/ Lindsay S. See* (BMF per authority)
>LINDSAY S. SEE
>West Virginia Solicitor General
>OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
>State Capitol Complex
>Building 1, Room E-26
>Charleston, WV 25305
>(304) 558-2021
>lindsay.s.see@wvago.gov
>
>*Counsel for State of West Virginia*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed R. App. P. 32 (f) and (g), I hereby certify that the foregoing complies with the limitation of Fed. R. App. P. 27(d)(2)(A) and Circuit Rule 27 because it contains 1,057 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that the motion complies with Fed. R. App. P. 27(d)(1)(E), 32(a)(5) and (6) because it has been prepared in 14-point Equity Font.

/s/ *Benjamin M. Flowers*
BENJAMIN M. FLOWERS
*Counsel for State of Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022, I caused the foregoing to be electrically filed with the Clerk of the Court by using the Court's CM/ECF system. All registered counsel will be served by the Court's CM/ECF system.

*/s/ Benjamin M. Flowers*
BENJAMIN M. FLOWERS
*Counsel for State of Ohio*
